Case 15-00540    Doc 18    Filed 12/14/15    Entered 12/15/15 07:49:16    Desc Main
                                Document      Page 1 of 4

15-00540:13.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 12/8/2015 4:18:48 PM by:Karen Walin Page 1 of 4

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: Rosio Y. Valadez, | ) | Chapter 13 |
| | ) | |
| | ) | Case No. 15-13497 |
| | ) | |
| Debtors. | ) | Hon. Jack B. Schmetterer |
| | ) | Tom Vaughn, Trustee |
| ------------------------------- | )-------------------------------------------- | |
| Rosio Y. Valadez, | ) | |
| | ) | Adv. Case No. 15-00540 |
| Plaintiff | ) | |
| vs. | ) | |
| | ) | |
| Nationwide Credit, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Upon review of the record, including Plaintiff's Adversary Compliant, Motion for Default Judgment, all attached exhibits, and the related Summons', the Court makes the following findings of fact:

1. The Plaintiff's bankruptcy case was filed on April 15, 2015.

2. The Plaintiff's Complaint was timely filed on July 27, 2015.

3. The Defendant's registered agent for the State of Illinois is Prentice Hall Corporation (Exhibit A).

4. The Plaintiff effected service by regular and certified U.S. Mail on the Defendant's Registered Agent on July 27, 2015 (Exhibit B and Docket Entry #3).

5. The Plaintiff subsequently effected additional notice by serving his Alias Summons on the Defendant's CEO, the Defendant's Managing Agent, and Defendant's registered agent for Defendant's home state, Georgia, by regular U.S. Mail on October 5, 2015 (Exhibit C and Docket Entry #7).

Case 15-00540   Doc 18   Filed 12/14/15   Entered 12/15/15 07:49:16   Desc Main
Document      Page 2 of 4

15-00540:13.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 12/8/2015 4:18:48 PM by:Karen Walin Page 2 of 4

6. The Defendant has neither answered the Complaint nor otherwise appeared within the time period provided by the Court Rules, and has not done so since that time and is therefore in default.

7. The Notice of Motion, Motion for Entry of Default Order and Default Judgment were served on the Defendant and Defendant's registered agent for the State of Illinois on or about November 6, 2015 (Exhibit D).

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) because it arises under, arises in, and is related to the Chapter 13 Bankruptcy case, *In re Rosio Y. Valadez*, Case No. 15 B 13497, presently pending in the United States Bankruptcy Court of the Northern District of Illinois, Eastern Division.

9. Pursuant to Section 157(a) of Title 28 of the U.S. Code, this case is properly referred to the bankruptcy courts.

10. Pursuant to Section 1409 of Title 28 of the U.S. Code, the venue of the Northern District of Illinois Eastern Division is proper.

11. The Plaintiff, Rosio Y. Valadez ("Plaintiff"), is an individual residing at 16383 Terry, Ln.,Oak Forest, IL 60452, Cook County PIN 28-22-303-036-0000, in Cook County, Illinois (the "Residence").

12. On April 15, 2015, the Plaintiff filed a Petition for Relief under Chapter 13 of Title 11 of the United States Code, in the Northern District of Illinois, case No. 15 B 13497.

13. A first mortgage lien is held by OCWEN in the amount of $131,690.20.

14. Defendant holds a junior mortgage in the amount of $45,148.00.

15. Plaintiff filed the instant case on July 27, 2015 seeking to determine the fair market value of the Residence and to strip off the unsecured second lien of Defendant on the Residence.

16. As an exhibit to Plaintiff's Complaint, Plaintiff attached comparable properties from the Multiple Listing Service, showing the fair market value of the Residence to be $115,575.00.

17. Pursuant to Rule 12 of the Federal Rules of Civil Procedure, the Defendant was under an obligation to file an appearance and responsive pleading to the above-captioned matter on or before November 4, 2015.

## CONCLUSIONS OF LAW

18. Rule 55(b)(2) Fed. R. Civ. P., made applicable in bankruptcy by Rule 7055 Fed. R. Bankr. P. governs default judgments entered by a bankruptcy judge. *In re Zecevic*, 344 B.R. 572, 576 and cases cited (Bankr. N.D. Ill. 2006) (Schmetterer, J.). "Granting a motion for the entry of a default judgment lies within the second discretion of the trial court." *Id.* (citing *Merrill Lynch Mortgage Corp. v. Narayan*, 908 F.2d 246, 252 (7th Cir. 1990)).

19. Defendant has failed to file an appearance and responsive pleading in a timely manner as required by the Rules of this Court.

20. Defendant's failure to file a responsive pleading to Plaintiff's Complaint justifies the entry of a Default Order and Judgment against Defendant as prayed for in Plaintiff's Amended Complaint.

21. The uncontroverted fair market value of the Residence is $115,575.00.

22. The outstanding balance of Ocwen's first position mortgage on the Residence exceeds the value of the Residence.

23. Pursuant to Sections 506(a) and (d) of Title 11 of the United States Code, Defendant's second mortgage is an allowed secured claim to the extent of the value of the

Case 15-00540    Doc 18    Filed 12/14/15    Entered 12/15/15 07:49:16    Desc Main
Document    Page 4 of 4

15-00540:13.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 12/8/2015 4:18:48 PM by:Karen Walin Page 4 of 4

estate's interest in the Residence securing the claim and Defendant's second mortgage is void to the extent it is not allowed as a secured claim.

24.   Because Defendant's second mortgage is wholly unsecured, it is not allowed as a secured claim and should be stripped off. *Nobelman v. American Savings Bank*, 508 U.S. 324 (1993); *First Bank, Inc. v. Van Wie*, 2003 WL 1563959 S.D. Ind., 2003.

25.   The re-classification of Defendant's claim from secured to unsecured does not exceed the debt limitations for filing a chapter 13.

Respectfully submitted,
Rosio Y. Valadez
By: /s/Karen Walin
His Attorney

Karen Walin #6192832
Attorneys for the Debtor
3833 S. Harlem Avenue
Berwyn, IL 60402
708-795-7000

Enter:

[Judge's signature]
U.S. Bankruptcy Judge

DEC 14 2015

Dec 14, 2015